**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| ROBERT BOSCH LLC, | |
| Plaintiff, | Case No. 3:14CV415 |
| v. | |
| WILLIAM C. SCHMIDT and TRICO PRODUCTS CORPORATION, | |
| Defendants. | |

**ANSWER**

Defendants William C. Schmidt  and Trico Products Corporation ("Trico" and, together with Schmidt, "Defendants"), through their undersigned counsel, hereby answer the Verified Complaint for Injunctive and Other Relief of Plaintiff Robert Bosch LLC ("Bosch") as follows:

1.      Deny the allegations in paragraph 1, except admit that Mr. Schmidt held the title of Senior Key Account Manager in Bosch's Automotive Aftermarket Division immediately prior to resigning from Bosch on January 27, 2014; further admit that Mr. Schmidt left Bosch for employment at Trico, and that Trico is a manufacturer and seller of windshield wiper blades and a competitor of Bosch in the windshield wiper aftermarket business; and aver that Mr. Schmidt's title at Trico is Regional Director, National Accounts, Eastern Region.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except admit that Mr. Schmidt accessed and copied certain files to a Maxtor One Touch III USB hard drive (the "Hard Drive") before resigning from Bosch on the morning of January 27, 2014; further admit that certain of those files contained data

concerning accounts other than Carquest; aver that the Hard Drive was authorized and paid for by Bosch; and deny that Mr. Schmidt had no legitimate need to access the files.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except admit that Mr. Schmidt accessed and copied certain files to the Hard Drive on January 16, 2014 and January 27, 2014; further admit that certain of those files contained data concerning accounts other than Carquest; and deny that Mr. Schmidt had no legitimate need to access the files had no legitimate purpose in connection with his responsibilities at Bosch.

4.     Deny the allegations in paragraph 4, except admit that Bosch and Trico compete in the windshield wiper aftermarket business, and deny knowledge or information sufficient to form a belief about what Bosch "expects."

5.     Admit the allegations in paragraph 5.

6.     Admit the allegations in paragraph 6.

7.     Admit the allegations in paragraph 7.

8.     Admit that this Court has subject matter jurisdiction over the First Cause of Action against Mr. Schmidt based on federal question jurisdiction if that cause of action states a claim upon which relief can be granted, and further aver that to the extent Plaintiff's federal claim fails or Plaintiff's state-law claims do not arise out of the same common nucleus of operative facts as does the federal claim or Plaintiff's state-law claims predominate over its federal claim, this Court may not have and should not exercise subject matter jurisdiction over the pendent state-law claims.

9.     Admit that this Court may have subject matter jurisdiction over the pendent state-law claims against Trico if Plaintiff's federal cause of action (the First Cause of

Action) against Mr. Schmidt states a claim upon which relief can be granted and if those state-law claims arise from the same common nucleus of operative facts as does the federal claim, and further aver that to the extent Plaintiff's federal claim fails or Plaintiff's state-law claims against Trico do not arise out of the same common nucleus of operative facts as does the federal claim or Plaintiff's state law claims predominate over its federal claim, this Court may not have and should not exercise jurisdiction over Trico or the pendent state-law claims.

10.     Admit the allegations in paragraph 10.

11.     Admit the allegations in paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except admit that the business of Carquest Auto Parts was acquired by Advance Auto Parts, Inc. in January 2014.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23, except admit that Mr. Schmidt worked for Bosch from 1998 to 1999 and from 2003 to January 27, 2014; further admit that Mr. Schmidt held a variety of positions at Bosch, including sales representative, National Account Manager and National Manager of Program Distribution; further admit that from April 2010 through January 27, 2014, Mr. Schmidt was a Senior Key Account Manager in Bosch's Automotive Aftermarket Division; and aver that in that position, Mr. Schmidt had sales quota responsibility for Carquest, Service Champ and BWP.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except admit that while employed by Bosch, Mr. Schmidt received and signed certain documents concerning the use of confidential information obtained from Bosch.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26, except deny knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the alleged agreements and policies referenced in paragraph 26.

27.     Deny the allegations in paragraph 27, except admit that Mr. Schmidt communicated with representatives of Trico about possible employment at Trico in and after late October 2013.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except admit that Mr. Schmidt accessed and copied files to the Hard Drive on January 16, 2014 and January 27, 2014; further admit that certain of those files were copied to a folder on the Hard Drive called "New folder (6)," which Mr. Schmidt created on January 16, 2014; and aver that the Hard Drive was authorized and paid for by Bosch.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, except admit that Mr. Schmidt accessed and copied files to the Hard Drive on January 16, 2014 and January 27, 2014; and further admit that after accessing and copying files to the Hard Drive on January 27, 2014, Mr. Schmidt placed a call to his supervisor and sent a letter of resignation by email.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admit that on January 30, 2013, a Bosch employee met Mr. Schmidt to collect Mr. Schmidt's Bosch-issued laptop and other materials that Mr. Schmidt returned to Bosch that day; and further admit that Mr. Schmidt did not return or mention the Hard Drive to the Bosch employee on January 30, 2013.

31.     Deny the allegations in paragraph 31, except admit that Mr. Schmidt received a letter from Bosch's counsel dated February 5, 2014 and respectfully refer to the letter

for its contents; further admit that Mr. Schmidt returned the Hard Drive and certain other devices to Bosch on February 8, 2014; aver that Schmidt sent an email to Bosch on February 8, 2014 stating "I was cleaning out my office and found some items that could be useful to whomever is taking over my accounts" ; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date on which Bosch located the Hard Drive and other devices that Mr. Schmidt returned on February 8, 2014.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the files allegedly accessed and copied by Schmidt prior to his resignation from Bosch.

35.     Deny the allegations in paragraph 35, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Schmidt was "promptly" cut off from access to Bosch servers following his resignation from Bosch.

36.     Deny the allegations in paragraph 36.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, except admit that Trico sells and markets windshield wipers to accounts including AAPA, Autozone, Wal-Mart and NAPA; and further admit that Mr. Schmidt has account management responsibilities for accounts including AAPA.

38.     Deny the allegations in paragraph 38.

**PLAINTIFF'S FIRST PURPORTED CAUSE OF ACTION**
**(AGAINST MR. SCHMIDT)**

39.     Repeat and reallege each and every response to paragraphs 1 through 38 herein.

40.     Deny that any response is required as to paragraph 40, which purports to characterize 18 U.S.C. § 1030, and respectfully refer to 18 U.S.C. § 1030 for its contents.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the cost of the forensic examination of the Bosch laptop and external storage devices.

47.     Deny the allegations in paragraph 47.

48.     Deny the allegations in paragraph 48.

**PLAINTIFF'S SECOND PURPORTED CAUSE OF ACTION**
**(AGAINST BOTH DEFENDANTS)**

49.     Repeat and reallege each and every response to paragraphs 1 through 48 herein.

50.     Deny that any response is required as to paragraph 50, which purports to characterize Va. Code Ann. § 59.1-336, and respectfully refer to Va. Code Ann. § 59.1-336 for its contents.

51.     Deny that any response is required as to paragraph 50, which purports to characterize Va. Code Ann. § 59.1-336, and respectfully refer to Va. Code Ann. § 59.1-336 for its contents.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, except admit that Mr. Schmidt executed certain confidentiality agreements with Bosch prior to his resignation from Bosch; and further admit that Mr. Schmidt discussed and shared certain of those agreements with representatives of Trico following his employment by Trico.

57.     Deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61.

62.     Deny the allegations in paragraph 62.

63.     Deny the allegations in paragraph 63.

64.     Deny the allegations in paragraph 64.

**PLAINTIFF'S THIRD PURPORTED CAUSE OF ACTION**
**(AGAINST MR. SCHMIDT)**

65.     Repeat and reallege each and every response to paragraphs 1 through 64 herein.

66.     Deny that any response is required as to paragraph 66, which purports to state a legal conclusion, except admit that Mr. Schmidt and Bosch had an employee-employer relationshp.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69.

**PLAINTIFF'S FOURTH PURPORTED CAUSE OF ACTION**
**(AGAINST MR. SCHMIDT)**

70.     Repeat and reallege each and every response to paragraphs 1 through 70 herein.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, except admit that Mr. Schmidt executed certain confidentiality agreements with Bosch that prohibited the misuse of Bosch's confidential and/or trade secret information.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Defendants deny any and all allegations except as expressly admitted herein.

77.     Defendants deny that Plaintiff is entitled to judgment or any of the other relief requested in its Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses.  By consolidating the following list of defenses and affirmative defenses, Defendants are not assuming any burden that they would not otherwise have under applicable law.

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

Plaintiff's First Cause of Action fails to state a claim under the Computer Fraud and Abuse Act ("CFAA") because it fails to plead unauthorized computer access by Mr. Schmidt.

### Third Defense

Jurisdiction over Plaintiff's Second, Third and Fourth Causes of Action (the "State Law Claims") is improper because the State Law Claims predominate over Plaintiff's First Cause of Action.

### Fourth Defense

Jurisdiction over Trico is improper because the State Law Claims predominate over Plaintiff's First Cause of Action.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of laches.

**Sixth Defense**

Plaintiff has not suffered any damages as a result of any misconduct alleged herein.

**Seventh Defense**

Defendants reserve the right to assert or rely upon any other affirmative or further defenses established through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that judgment should be granted in their favor as follows:

(a)     A declaration that Bosch is not entitled to relief;

(b)     Awarding Defendants the costs and disbursements of this action, including their attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated:   Richmond, Virginia
June 27, 2014

Respectfully submitted,

**WILLIAM C. SCHMIDT AND TRICO
PRODUCTS CORPORATION**

/s/ Edward M. Eakin, III
Rodney A. Satterwhite (VSB #32907)
rsatterwhite@mcguirewoods.com
Edward M. Eakin, III (VSB #70964)
jeakin@mcguirewoods.com
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-1000
Fax: 804-698-2163

Daniel J. Leffell (*Pro Hac Vice*)
dleffell@paulweiss.com
Michael Klunder (*Pro Hac Vice*)
mklunder@paulweiss.com
Leslie Gordon Fagen (*Pro Hac Vice to be Filed*)
Eric Alan Stone (*Pro Hac Vice to be Filed*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3000
Fax: (212) 492-0218
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2014, I will electronically file the foregoing

with the Clerk of the Court using the CM/ECF system, which will then send a notification of

such filing (NEF) to the following:

Kimberly L. Taylor VSB #29823
ktaylor@kbbplc.com
KEPLEY, BROSCIOUS & BIGGS, PLC
2221 Pump Road
Richmond, VA  23233
Phone:  (804) 741-0400
Fax:  (804) 741-6175

Stephen J. O'Neil
Stephen.oneil@klgates.com
Amy S. Dolgin
Amy.dolgin@klgates.com
K&L GATES LLP
70 W. Madison Street, Ste. 3100
Chicago, Illinois  60602
Phone:  (312) 372-1121
Fax:  (312) 827-8000

Douglas W. Britt
Douglas.britt@klgates.com
K&L GATES LLP
4350 Lassiter at North Hills Avenue, Suite 3
Raleigh, North Carolina  27609
Phone:  (919) 743-7300
Fax:  (919) 743-7358


 /s/  Edward M. Eakin, III